# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NIKKI STEINER MAZZOCCHIO and ANGELA STEINER KRAUS,<br><br>    Plaintiffs,<br><br>    v.<br><br>COTTER CORPORATION et al.,<br><br>    Defendants. | Case No. 4:22-cv-00292-MTS |

## DEFENDANT COMMONWEALTH EDISON COMPANY'S
## MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

RILEY SAFER HOLMES & CANCILA LLP
Brian O. Watson, #68678MO
Jennifer Steeve, #308082CA
Nacenté Seabury, #67248MO
70 W. Madison St., Ste. 2900
Chicago, Illinois 60602
(312) 471-8700 (main)
(312) 471-8701 (fax)
bwatson@rshc-law.com
jsteeve@rshc-law.com
nseabury@rshc-law.com
docketdept@rshc-law.com

**ATTORNEYS FOR DEFENDANT
COMMONWEALTH EDISON COMPANY**

I.  **INTRODUCTION**

Commonwealth Edison Company ("ComEd") should be dismissed because Plaintiffs' complaint fails to establish personal jurisdiction over ComEd and fails to state any claim against ComEd. ComEd is a highly regulated public utility that is headquartered and incorporated in Illinois. Thus, general jurisdiction does not exist over ComEd because it is an out-of-state company at home in Illinois, not Missouri. Nor does specific jurisdiction exist over ComEd because Plaintiffs allege no suit-related conduct by ComEd within Missouri, let alone substantial suit-related conduct that shows purposeful availment of a Missouri forum.

Plaintiffs also allege no facts showing any plausible claim against ComEd. ComEd is not liable for the alleged conduct of its former subsidiary, Cotter Corporation (N.S.L.) ("Cotter"), and Plaintiffs' allegations do not implicate ComEd. In fact, ComEd became a parent company of Cotter in a stock purchase on July 31, 1974, after Cotter's alleged conduct between 1969 and 1973. Thus, Plaintiffs cannot state a plausible claim that ComEd, a separate and distinct legal entity, could have liability.

Finally, as explained in Cotter's separate motion to dismiss, Plaintiffs' complaint fails against ComEd because the Price-Anderson Act ("PAA"), 42 U.S.C. §§ 2210, *et seq.*, preempts Plaintiffs' purported state-law claims, and Plaintiffs expressly disclaim any possible PAA claim. Because Plaintiffs can sue under the PAA or not at all, and they disavow any PAA claim, Plaintiffs' complaint should be dismissed with prejudice.

II.  **BACKGROUND**

Plaintiffs Nikki Steiner Mazzocchio and Angela Steiner Krause filed this complaint in Missouri state court on January 25, 2022, seeking damages "related to the processing, transport, storage, handling, and disposal of hazardous, toxic, and radioactive materials . . . in and around

1

St. Louis County, Missouri." Pet. ¶ 1, ECF No. 5. Plaintiffs allege their claims arise from "radiological contamination generated by activities" of the Manhattan Project "during the development of the atomic weapons of the 1940s and 50s." *Id*. ¶ 27, n. 1. Plaintiffs assert that "[a]s a result of Defendants' negligence in the processing, distribution, transporting, storing, handling and/or disposing of hazardous and radioactive substances into the area," in March and May 2018, respectively, Plaintiffs were diagnosed with multiple myeloma. *Id*. ¶¶ 21, at A.1–A.2.

As to ComEd, Plaintiffs' allegations are limited to one paragraph of their 143-paragraph complaint:

> ComEd is an Illinois corporation, whose former subsidiary corporation, Cotter, conducted business operations in Missouri. Upon the sale of Cotter, ComEd agreed to indemnify Cotter for certain liabilities associated with these activities. ComEd continuously and systematically carries on business activities in the State of Missouri, both on its own and through its subsidiaries including Cotter and its parent company Exelon. In addition, ComEd owned Cotter at times relevant to this Petition, and agreed to indemnify Cotter for liabilities associated with the creation, storage, transportation, and processing of hazardous, toxic, carcinogenic, radioactive wastes as alleged herein. ComEd regularly and routinely avails itself of the protection of Missouri laws in St. Louis County courts, and regularly appears to defend itself in lawsuits tried here. This lawsuit arises out of damages that resulted from the ComEd Defendants' [*sic*] conduct including acts and omissions within the State of Missouri, as well as the acts and omissions of the predecessors of the ComEd Defendants [*sic*], which gave rise to the personal injuries alleged in the Petition.

Pet. ¶ 22., at B.2.

Plaintiffs allege no other facts—jurisdictional or otherwise—against ComEd. As Plaintiffs' counsel know from related litigation, ComEd is a public utility highly regulated by Illinois Commerce Commission, headquartered in Illinois, and incorporated in Illinois. Plaintiffs' counsel also know that ComEd (1) is not registered to do business in Missouri; (2) is not otherwise doing business in Missouri; (3) has not transacted business in Missouri related to any matter which is the subject of this action; (4) does not offer any products or services within

2

Missouri; (5) has no employees in Missouri; (6) does not own or lease any real property or facilities in Missouri; and (7) does not maintain an office to do business in Missouri.  *See* ComEd, *ICC General Information Requirements Sec. 285.305* at 1 (2021), *available at* www.icc.illinois.gov/docket/P2021-0367/documents/310640/files/541475.pdf; Decl. Scott N. Peters ¶¶ 1–12, ECF No. 34-1, Case No. 4:17-cv-00024-CDP; Decl. Brian Buck ¶¶ 1–12, ECF No. 1-5 (PageID 856–57), Case No. 4:20-cv-01227-JAR.[1]

As for ComEd's alleged relationship with Cotter (a separate legal entity incorporated in New Mexico and headquartered in Colorado), Plaintiffs are well aware from related litigation that (1) Cotter and ComEd entered into a stock purchase agreement on May 8, 1974; (2) ComEd purchased the stock of Cotter under specific findings and authority granted by the Illinois Commerce Commission on July 31, 1974; and (3) ComEd sold Cotter to General Atomics, Inc., a distinct corporation in California, on Feb 18, 2000.  *See* Ex. 1, ComEd Resp. Interrog. Set One; Ex. 2, ComEd Resp. Req. Produce, Set One; Ex. 3, ComEd Interrog. Set Two; Ex. 4, ComEd Resp. Req. Produce, Set Two; Ex. 5, ComEd Resp. Order.[2]  Accordingly, ComEd's stock purchase of Cotter postdates the alleged conduct here by Cotter between 1969 and 1973.  Pet. ¶¶ 47–48.

Plaintiffs' counsel specifically know that ComEd never owned or operated the sites at issue, Ex. 1 at Nos. 2–12; Ex. 2 at Nos. 1, 3–5, 8–10; never owned or transferred ownership of

---

[1] The Court may consider on a motion to dismiss "matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011).

[2] Plaintiffs mistakenly allege that Cotter "was purchased by and became a wholly owned subsidiary of Commonwealth Edison in 1975." Pet. ¶ 22, at B.1.  As to the cited discovery, Plaintiffs' counsel were granted "limited jurisdictional discovery," and ComEd complied, in a related Missouri state court case, *Banks et al. v. Cotter Corp. N.S.L. et al. v Mallinckrodt LLC et al. See* Ord. 1–2, attached as Ex. 6; Order 1–2, at ¶ 1, attached as Ex. 7.  The case and ComEd's motion to dismiss for lack of personal jurisdiction are pending before Judge Ross.  *See Banks et al. v. Cotter Corp. N.S.L. et al. v. Mallinckrodt LLC et al.*, 4:20-cv-01227-JAR.

3

material at issue, Ex. 2 at Nos. 8, 9; never disposed of any radioactive materials in West Lake Landfill, Ex. 4 at No. 16; did not transact any business or enter any contracts in Missouri as to the sites or material at issue, Ex. 3 at No. 1–2; never visited the sites at issue, Ex. 3 at No. 8; has no archival information in Missouri, Ex. 3 at No. 9; has no insurance policies accepting coverage of Plaintiffs' allegations, Ex. 1 at Nos. 3–4; never issued any public notices or communications about the sites or materials at issue, Ex. 1 at No. 5; never retained publicists or public relations firms concerning the sites or materials at issue, Ex. 1 at No. 5; never cleaned, removed, or otherwise remediated allegedly contaminated property in Missouri or the sites at issue, Ex. 1 at No. 6; and never entered into any agreements, consent decrees, or other arrangements with any governments—local, state, or federal—related to the sites at issue. Ex. 1 at No. 7.

Taken together, Plaintiffs' allegations and this record make clear that ComEd has no connection within Missouri—let alone substantial suit-related conduct within Missouri— showing that ComEd purposefully availed itself of or directed itself to the jurisdiction.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) authorizes a court to dismiss a party for lack of personal jurisdiction. "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). Once personal jurisdiction has been challenged, that prima facie showing "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Furminator, Inc. v. Wahba*, No. 4:10-cv-01941-AGF, 2011

4

WL 3847390, at *2 (E.D. Mo. Aug. 29, 2011) (quoting *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008)).  The party seeking to establish the court's personal jurisdiction carries the burden of proof, and that burden does not shift to the party challenging jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

In the Eighth Circuit, courts should "first examin[e] whether the exercise of jurisdiction is proper under the forum state's long-arm statute.  If the activities of the non-resident defendant satisfy the statute's requirements, [courts] then address whether the exercise of personal jurisdiction comports with due process." *Eagle Tech. v. Expander Americas, Inc.*, 783 F.3d 1131, 1136 (8th Cir. 2015).  In Missouri, the long-arm statute is Mo. Rev. Stat. § 506.500, "which authorizes the exercise of jurisdiction over nonresidents to the extent permissible under the due process clause . . . ." *Id.*

Under the Fourteenth Amendment's Due Process Clause, to establish personal jurisdiction "a plaintiff must only show sufficient 'minimum contacts' exist [between the defendant and forum state] so that 'traditional notions of fair play and substantial justice' are not offended."  *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  The Supreme Court has recognized two forms of personal jurisdiction that satisfy these due process requirements: general jurisdiction and specific jurisdiction.  *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S. Ct. 1773, 1779–80 (2017).

General jurisdiction exists "only when a defendant is 'essentially at home' in the state" where the court sits.  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A corporation is generally "at home" in its place of incorporation and principal place of business, though the Supreme Court has left open an exceptional possibility where a corporation might be

5

at home elsewhere. *Id.*; *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) ("forums in which a corporate defendant is 'at home,' . . . are the corporation's place of incorporation and its principal place of business" (citations omitted)).

Specific jurisdiction exists when "the suit arises out of or is related to the Defendants' contacts with the forum" and "Defendants engaged in activities in the forum that 'reveal an intent to invoke or benefit from the protection of its laws.'" *Pangaea v. Flying Burrito, LLC*, 647 F.3d 741, 746 (8th Cir. 2011). But random, fortuitous, or attenuated contacts cannot confer jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Therefore, when the suit specifically "arises out of" or "is related to" the defendant's contacts with the forum, courts reference five factors in assessing whether a defendant's contacts with a forum confer specific jurisdiction: (1) the nature and quality of the contacts, (2) the quantity of the contacts, (3) the relationship of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience to the parties. *Pederson v. Frost*, 951 F.3d 977, 980 (8th Cir. 2020). The first three factors, however, carry more weight than the last two. *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003).

Federal Rule of Civil Procedure 12(b)(6) also authorizes a court to dismiss for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

While a court draws all reasonable inferences in the plaintiff's favor, "the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions." *Id*. Thus, plaintiff's factual allegations must include more than "labels and conclusions" in order to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In other words, "'naked assertion[s]' devoid of 'further factual enhancement'" and "formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Twombly*, 550 U.S. at 555.

## IV.   ARGUMENT

### A.   Plaintiffs Have Not Established Personal Jurisdiction Over ComEd.

Plaintiffs' complaint alleges no facts satisfying Plaintiffs' burden that personal jurisdiction exists over ComEd in Missouri for this case. Pet. ¶ 22, at B.2. As Plaintiffs' complaint and the record show, ComEd is not subject to general jurisdiction in Missouri because ComEd is "at home" in its place of incorporation and principal place of business of Illinois, and ComEd is not subject to specific jurisdiction in Missouri because this suit does not arise out of or relate to any contacts by ComEd within Missouri. *Fastpath, Inc.*, 760 F.3d at 820.

#### 1.   General jurisdiction does not exist because ComEd is an out-of-state Illinois corporation with its principal place of business in Illinois.

Plaintiffs' complaint does not—and, indeed, cannot—allege that general jurisdiction exists in Missouri over ComEd. ComEd is an out-of-state corporation incorporated in Illinois with its principal place of business in Illinois. Thus, ComEd is not "at home" in Missouri for general jurisdiction. *BNSF*, 137 S. Ct. at 1558 ("forums in which a corporate defendant is 'at home,' . . . . are the corporation's place of incorporation and its principal place of business" (citations omitted)).

7

### 2.     Specific jurisdiction does not exist because the suit does not arise out of or related to any contacts by ComEd within Missouri.

Plaintiffs' complaint also does not—and cannot—allege that this Court has specific jurisdiction over ComEd.  As explained above, ComEd (1) is not registered to do business in Missouri; (2) is not otherwise doing business in Missouri; (3) has not transacted business in Missouri related to any matter which is the subject of this action; (4) does not offer any products or services within Missouri; (5) has no employees in Missouri; (6) does not own or lease any real property or facilities in Missouri; and (7) does not maintain an office to do business in Missouri. *Supra* at 2–3.

ComEd has neither transacted any business nor entered into any contracts in Missouri with any relation to the sites at issue. *Id.* at 3–4. ComEd also did not own or operate the sites or handle the material at issue. *Id.*  No representative from ComEd ever visited the sites at issue. *Id.*  ComEd has no insurance policies accepting coverage of Plaintiffs' allegations, and has not remediated any of the property involved, or entered into any agreements with, federal, state, or local governments to do so. *Id.*  Nor has ComEd participated in any public relations efforts related to the sites or the radioactive materials at those sites. *Id.*

ComEd thus lacks sufficient suit-related contacts within Missouri to warrant this Court's exercise of specific jurisdiction. *Frost*, 951 F.3d at 981; *Ford*, 141 S. Ct. at 1025 (plaintiff's claims "must arise out of or relate to the defendant's contacts" with the forum (quoting *Bristol-Myers*, 137 S. Ct. at 1780)); *M.J. ex rel. Oliver v. Ford Motor Co.*, No. 4:19CV1846 HEA, 2019 WL 4194372, at *4 (E.D. Mo. Sept. 4, 2019) (no personal jurisdiction where defendant's relevant conduct occurred outside the forum); *Allied Ins. Co. of Am. v. Ecovacs Robotics, Inc.*, 1:19CV13 SNLJ, 2019 WL 2173430, at *2 (E.D. Mo. May 20, 2019) ("Plaintiffs complaint lacks a sufficient nexus between its claims and [the defendant's] contacts with Missouri.").

8

### 3. Jurisdiction does not exist because of ComEd's corporate affiliates.

To be sure, Plaintiffs also cannot establish personal jurisdiction over ComEd based on their allegation that ComEd's "former subsidiary corporation, Cotter, conducted business operations in Missouri" and ComEd "continuously and systematically carries on business activities in the State of Missouri . . . *through* its subsidiaries including Cotter and its parent company Exelon." Pet. ¶ 22, at B.2 (emphasis added). As the Eighth Circuit has held, "ownership of subsidiary is insufficient to justify personal jurisdiction. Whether a subsidiary is subject to personal jurisdiction in the state has no effect on the jurisdictional inquiry regarding its parent." *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008); *see also id.* ("A corporation is not doing business in a state merely by the presence of its wholly owned subsidiary" (quoting *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 649 (8th Cir. 2003))).

### 4. Jurisdiction does not exist because of ComEd's alleged indemnity.

Plaintiffs' claim that "ComEd agreed to indemnify Cotter for certain liabilities associated with these activities" (Pet. ¶ 22, at B.2) also cannot create personal jurisdiction over ComEd. *See Walters v. Dollar Gen. Corp.*, No. 1:09–cv–1508–SEB–WGH, 2011 WL 759555, at *6 (S.D. Ind. Feb.24, 2011) (it would "undermine the rationale behind the personal jurisdiction due process requirements" if indemnification would subject a foreign indemnitor to jurisdiction in any court in the world); *United Philippine Lines, Inc. v. Metalrussia Corp. Ltd.*, No. 96 CIV. 8868(MBM), 1997 WL 214959, at *5 (S.D.N.Y. Apr.24, 1997) (foreign corporation's contractual indemnity did not support jurisdiction wherever the indemnitee is sued, because jurisdiction would then result from "the random, fortuitous act of a third party who selects the forum in which to sue" the indemnitee).

9

### 5. Jurisdiction does not exist because of other lawsuits.

Nor can Plaintiffs establish personal jurisdiction based on their allegation that ComEd "regularly appears to defend itself in lawsuits tried here" and "regularly and routinely avails itself of the protection of Missouri laws in St. Louis County courts." Pet. ¶ 22, at B.2. Even if this allegation were true (it is not),[3] simply being named as a party in another lawsuit does not mean that the party is "purposefully availing itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Fastpath*, 760 F.3d at 821; *U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 935 (E.D. Va. 2005) ("Of course, it is plainly not the case that by submitting to jurisdiction in one case that a party consents to all future suits against the party in that district, even if they are related." (citing *Mallinckrodt Med., Inc. v. Sonus Pharm, Inc.*, 989 F. Supp. 265, 271 (D.D.C. 1998))).

### 6. Jurisdiction does not exist from Plaintiffs' conclusory allegations.

Plaintiffs' final vague allegation that the "lawsuit arises out of damages that resulted from the ComEd Defendants' [*sic*] conduct including acts and omissions within the State of Missouri" (Pet. ¶ 22, at B.2) falls far short of establishing personal jurisdiction over ComEd. "Mere conclusory statements devoid of a factual foundation do not suffice." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (affirming motion to dismiss for lack of personal jurisdiction).

Notably, jurisdictional discovery is also improper when, as here, Plaintiffs "offer merely speculations or conclusory allegations" about a defendant's contact with the forum. *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008); *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH &*

---

[3] The allegation is not true: a review of the Missouri Courts' docket shows that ComEd has not availed itself of the protection of Missouri laws. *See* Missouri Courts, Case.net, *available at* https://www.courts.mo.gov/cnet/nameSearch.do?newSearch=Y.

*Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011). As outlined above, Plaintiffs offer this Court no facts to establish personal jurisdiction over ComEd, and discovery from decades ago would not unearth relevant contacts for personal jurisdiction. *See Pecoraro*, 340 F.3d at 562 ("Minimum contacts must exist either at the time the cause of action arose, the time the suit is filed, or within a reasonable period of time immediately prior to the filing of the lawsuit.").

### B. Plaintiffs Have Not Stated a Claim Against ComEd.

Plaintiffs' complaint fails against ComEd for another reason: there are no allegations against ComEd. Instead, Plaintiffs only reference ComEd's prior corporate relationship with Cotter in one paragraph of their 143-paragraph complaint. Pet. ¶ 22, at B.2. Missouri law makes clear that "two separate corporations are regarded as wholly distinct legal entities, even if one partly or wholly owns the other." *Blanks v. Fluor Corp.*, 450 S.W.3d 308, 375 (Mo. Ct. App. 2014)). Accordingly, "a parent corporation is not responsible for the acts of its subsidiary corporation." *Weitz Co. v. MH Washington*, 631 F.3d 510, 520 (8th Cir. 2011) (citing *Grease Monkey Int'l, Inc. v. Godat*, 916 S.W.2d 257, 262 (Mo. Ct. App. 1995)).

Nor could Plaintiffs cure this fatal defect. Plaintiffs' complaint alleges that Cotter's conduct occurred between 1969 and 1973 and that subsequently Cotter became a subsidiary of ComEd. Pet. ¶¶ 22, 47–48. Given that Plaintiffs concede that ComEd did not purchase Cotter until after Cotter's alleged conduct, Plaintiffs cannot plausibly amend to claim that ComEd somehow controlled Cotter's behavior or had liability as Cotter's parent company during the relevant time.

Plaintiffs thus fail to allege any plausible claim against ComEd. *United States v. Bliss*, 108 F.R.D. 127, 131 (E.D. Mo. 1985) ("If a subsidiary's presence in the state is primarily to carry on its own business and the subsidiary has preserved some semblance of independence

11

from the parent, jurisdiction over the parent may not be acquired on the basis of the local activities."); *Blanks*, 450 S.W.3d at 375 ("[T]wo separate corporations are regarded as wholly distinct legal entities, even if one partly or wholly owns the other." (citation omitted)); *Calon v. Bank of Am. Corp.*, No. 14–00913–CV–W–FJG, 2015 WL 3948171, at *4 (W.D. Mo. June 29, 2015) ("To bring a valid claim against [a parent company] that will survive a motion to dismiss, the Plaintiff must allege additional facts that implicate [the parent] directly.").

### C. The Price-Anderson Act Preempts Plaintiffs' State-Law Claims.

Finally, ComEd joins Cotter's motion to dismiss on the grounds that the PAA preempts Plaintiffs' purported state-law claims and they explicitly disclaim any PAA claim.

### V. CONCLUSION

For these reasons, Commonwealth Edison Company requests that the Court grant its motion to dismiss and dismiss Plaintiffs' complaint with prejudice.

Dated: March 17, 2022            Respectfully submitted,

*/s/ Brian O. Watson*
RILEY SAFER HOLMES & CANCILA LLP
Brian O. Watson, #68678MO
Jennifer Steeve, #308082CA
Nacenté Seabury, #67248MO
70 W. Madison St., Ste. 2900
Chicago, Illinois 60602
(312) 471-8700 (main)
(312) 471-8701 (fax)
bwatson@rshc-law.com
jsteeve@rshc-law.com
nseabury@rshc-law.com
docketdept@rshc-law.com

**ATTORNEYS FOR DEFENDANT COMMONWEALTH EDISON COMPANY**

## CERTIFICATE OF SERVICE

I certify that on March 17, 2022, these papers were served upon all counsel of record via the Court's electronic filing system.

Respectfully submitted,

*/s/ Brian O. Watson*
RILEY SAFER HOLMES & CANCILA LLP
Brian O. Watson, #68678MO
Jennifer Steeve, #308082CA
Nacenté Seabury, #67248MO
70 W. Madison St., Ste. 2900
Chicago, Illinois 60602
(312) 471-8700 (main)
(312) 471-8701 (fax)
bwatson@rshc-law.com
jsteeve@rshc-law.com
nseabury@rshc-law.com
docketdept@rshc-law.com

**ATTORNEYS FOR DEFENDANT**
**COMMONWEALTH EDISON COMPANY**