# **EXHIBIT 7**

IN THE TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| TAMIA BANKS, et al., on behalf of themselves ) and all others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COTTER CORPORATION, ) <br> COMMONWEALTH EDISON COMPANY, ) <br> DJR HOLDINGS, INC. f/k/a FUTURA ) <br> COATINGS, INC., and ST. LOUIS AIRPORT ) <br> AUTHORITY, A DEPARTMENT OF THE ) <br> CITY OF ST. LOUIS, ) <br> ) <br> Defendants. ) | Cause No. 18SL-CC00617-01 <br><br> Div. 17 <br><br> **SO ORDERED:** <br><br> *[signature]* DIV 17 <br><br> Judge       Division 17 <br> April 30, 2020 |

**ORDER**

Cause called for hearing on the 31st day of March, 2020, on Defendant Commonwealth Edison Company's Motion to Dismiss for Lack of Personal Jurisdiction and on Defendants' Motion to Dismiss Plaintiffs' Second Amended Class-Action Petition. Due to COVID-19 limitations, the Court, along with counsel for Plaintiffs and counsel for Defendants, appeared via Zoom teleconference and videoconference. Based on the briefing and the oral argument presented at the hearing, the Court hereby orders the following:

1.     The Court will defer ruling on Defendant Commonwealth Edison Company's Motion to Dismiss for Lack of Personal Jurisdiction until the conclusion of two events. First, Defendant Commonwealth Edison Company ("ComEd") is to submit to the Court, for *in camera* review, the indemnification agreement that ComEd produced in jurisdictional discovery to Plaintiffs, was referenced in Plaintiffs' Second Amended Class-Action Petition, and was raised before the Court during oral argument. Second, prior to the Court ruling on the motion, Plaintiffs may conduct limited jurisdictional discovery, including discovery related to an alter ego theory

1

Electronically Filed - St Louis County - April 28, 2020 - 11:30 AM

between ComEd and Defendant Cotter Corporation (N.S.L.) ("Cotter"). Plaintiffs will have leave to amend to file a Third Amended Petition within 30 days after completion of jurisdictional discovery to allege an alter ego theory, only if there is a good faith basis to do so, and to concurrently file supplemental briefing on why the alleged facts establish personal jurisdiction over ComEd. ComEd shall have 15 days after the filing of a Third Amended Petition and Plaintiffs' supplemental briefing to submit responses to the Third Amended Petition and brief. The Court will then hold a subsequent hearing to hear argument on the additional materials submitted by the parties before ruling on ComEd's Motion to Dismiss for Lack of Personal Jurisdiction.

2. Plaintiffs are also entitled to proceed with obtaining discovery pertaining to all Defendants other than ComEd in accordance with the Missouri Supreme Court Rules. Plaintiffs' discovery to ComEd as a Defendant shall be limited to the jurisdictional issues outlined in Paragraph 1 until the Court issues an order ruling on ComEd's Motion to Dismiss for Lack of Personal Jurisdiction.

3. The Court reviews Defendants' Motion to Dismiss Plaintiffs' Second Amended Class-Action Petition under Missouri Supreme Court Rule 55.27(a)(6), and not as a summary judgment motion, and will not consider the affidavits submitted by Plaintiffs in their Response brief. Defendants' Motion to Dismiss Plaintiffs' Second Amended Class-Action Petition is granted in part and denied in part, as follows:

    a. Defendants' Motion to Dismiss based on arguments that the Price-Anderson Act preempts Plaintiffs' state law claims is denied as moot;

    b. Defendants' Motion to Dismiss for failure to state a claim under Counts II and III for Temporary Nuisance and Permanent Nuisance is granted, and Plaintiffs are hereby granted leave to amend Counts II and III;

    c. Defendants' Motion to Dismiss for failure to state a claim under Count IV for Negligence and Count V for Negligence *Per Se* is denied;

    d. Defendants' Motion to Dismiss for failure to state a claim under Count VII for "Injunctive Relief" is granted, in part, and Plaintiffs are hereby granted leave to amend Count VII;

    e. Defendants' Motion to Dismiss for failure to state a claim under Count VIII for "Punitive Damages" is denied;

    f. Defendants' Motion to Dismiss for failure to state a claim under Count IX for Civil Conspiracy is denied without prejudice; and

    g. Defendants' Motion to Dismiss with regard to Plaintiffs' request for the remedy of medical monitoring is denied.

4. Defendants' motion to dismiss Plaintiffs' property damage class allegations and Plaintiffs' medical monitoring class allegations is denied.

5. Defendant City of St. Louis' Unopposed Motion for Leave to File a Responsive Pleading Out of Time is granted, but is now moot.

SO ORDERED: _____      DATED: _____
                  The Hon. Joseph Walsh III