# Exhibit 1

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

**FILED IN DIV. 17**

OCT 12 2021

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Tamia Banks )
 )
 ) Case # 18SL-CC00617-02
vs )
 )
 ) Division 17
Cotter Corporation, et al. )

## ORDER

The matter of Plaintiff Tamia Bank's Motion to Compel Discovery addressed to Defendant Commonwealth Edison company was heard in person and via zoom meeting on Monday, September 27, 2021. Present in person were Special Master Mark Bahn; Plaintiff attorneys Ryan Keene, Stephen Duke and Anthony Gray. Defendant Commonwealth Edison attorneys Brian Watson and Lauren Jaffe. Also attending by zoom for Defendant Republic Services Inc. was attorney Kayla Meine and for Defendant St. Louis Airport Authority Laura Bentele

The parties in interest stipulated that the only discovery items that needed to be addressed were Plaintiff's interrogatory #9 and Plaintiff's Motions to Produce #10 and #11.

It was pre-determined by Judge Walsh that the scope of all discovery addressed to Commonwealth Edison was **strictly limited** to evidence that would support Plaintiff's contention that the Court has personal jurisdiction over Commonwealth Edison. In order to do so, it was further stipulated by Plaintiff's attorneys that they had the burden of showing that Commonwealth Edison, the sole shareholder

Defendant Cotter Corporation, exercised "complete domination" over the everyday operation of Cotter Corporation.

The only apparent personal connection between the two corporations appears to be a gentleman by the name of George P. Rifakes who in 1977 was on Cotter Corporation's Board of Directors while he was also an employee of Commonwealth Edison. It is unknown what other members of the Cotter Board of Directors may have been associated with Commonwealth Edison.

Accordingly, Plaintiffs Motion to Compel as it relates to interrogatory #9, seeking the whereabout of the sites where Commonwealth Edison' corporate documents are stored, is denied without prejudice until such time as Plaintiff demonstrates to the Court that it has personal jurisdiction over Defendant Commonwealth Edison.

The remaining disputes are addressed to Request for Production #10 and #11. Mindful that the documents requested might overlap, this Court Order applies to both #10 and #11. In light of the fact that Commonwealth Edison is a publicly regulated utility that submits annual reports to the Illinois Commerce Commission this Court feels it is a reasonable request for Commonwealth Edison to produce the names of its board of directors from the period 1973 through 1977. Commonwealth Edison is further ordered to produce the Board of Directors meeting minutes during the period of 1974–1977 that **only and specifically** address or refer to activities of Cotter Corporation's operation of Latty Avenue, Coldwater Creek or other remediation sites referred to in Plaintiff's' Petition.. Additionally, Commonwealth Edison is ordered to produce all internal documents and or communications relating to George P. Rifakes" participation in activities regarding Latty Avenue, Coldwater Creek and or clean up operations involving Mallinckrodt ,LLC and/or the other named Defendants.

SO ORDERED        J. Walsh

Judge
Division