UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NIKKI STEINER MAZZOCCHINO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-292-MTS |
| ) | |
| COTTER CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant DJR Holdings, Inc.'s Motion to Dismiss, Doc. [56], Plaintiff's First Amended Complaint, Doc. [44], pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Price-Anderson Act, 42 U.S.C. §§ 2210, *et seq*. For the reasons that follow, the Court denies Defendant's Motion.

**I.    BACKGROUND**

This case concerns claims by Plaintiffs against several defendants, including Defendant DJR Holdings, Inc. ("DJR"), for damages allegedly arising from exposure to radioactive materials.[1] Plaintiffs filed this action against DJR for violations under the Price-Anderson Act, 42 U.S.C. §§ 2210, *et seq*. ("PAA"), and alternatively, under state law.[2] In the instant Motion, DJR seeks to dismiss the PAA claims against it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and the PAA.  Doc. [56].[3]

---

[1] The radioactive wastes allegedly include (1) pitchblende raffinate, (2) Colorado raffinate, (3) barium sulfate (unleached), (4) barium cake (leached), and (5) miscellaneous residues stored in deteriorated drums. Doc. [44] ¶ 43.
[2] As Plaintiffs explain in their Complaint, "There can be no 'public liability action' without a 'nuclear incident.' If there has been no 'nuclear incident,' Plaintiffs alternatively plead Subparts (A) – (C) below as independent state law causes of action and Plaintiffs' claims should be remanded to state court because there would be no federal court jurisdiction without a 'nuclear incident.'" Doc. [44] at 19 n. 2.
[3] The Court notes DJR provided no argument in support of dismissing the state-law claims Plaintiffs asserted against it in the alternative.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a pleading to state a claim for relief it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and makes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). However, the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## III.  DISCUSSION

For the majority of its briefing, DJR does not cite any law in support of dismissing the claims asserted against it. Rather, DJR makes bold conclusions of law without any legal context. *See, e.g.*, Doc. [57] at 9 ("Plaintiffs fail to sufficiently allege any facts that establish that DJR [] owed any duty to any one concerning 'source, special nuclear, or byproduct material.'"); *id.* ("there is no reasonable inference or nexus that can be drawn between" DJR's activities and "the proximate cause of Plaintiffs' alleged harms"); *id.* at 8 ("Plaintiffs fail to sufficiently plead any

2

facts that show DJR" had any "knowledge" of any nuclear incident or "intentionally, maliciously, or recklessly released" any nuclear incident).

The only law DJR cites in its supporting memorandum is the PAA definitions of "public liability action," "public liability," and "nuclear incident."[4] *See* Doc. [57] at 6. Then, DJR goes on to cite cases that have found "nuclear incidents," in an attempt to distinguish those cases from the one here. *Id.* at 6–7. Thus, the Court construes DJR's argument to be that Plaintiffs failed to allege a public liability action under the PAA because DJR did not engage in activities involving "source, special nuclear, or byproduct material," as stated in the PAA. *See* 42 U.S.C. § 2014 (q). In essence, DJR argues Plaintiffs have not alleged a "nuclear incident." *Id.* But, the Court of Appeals for the Eighth Circuit recently determined in a case based on contamination from the same site at issue here that Plaintiffs had alleged a "nuclear incident" necessitating federal court jurisdiction. *In re Cotter Corp., (N.S.L.)*, 22 F.4th 788, 796 (8th Cir. 2022). DJR provides the Court no meaningful argument for why Plaintiffs failed to allege a "nuclear incident" as defined by the PAA.[5]

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant DJR Holdings, Inc.'s Motion to Dismiss, Doc. [56], is **DENIED**.

Dated this 14th of June, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[4] A "nuclear incident" is defined as "any occurrence, including an extraordinary nuclear occurrence, within the United States causing, within or outside the United States, bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous *properties of source, special nuclear, or byproduct material . . .*". 42 U.S.C. § 2014 (q) (emphasis added).

[5] The Court notes DJR did not respond to Plaintiffs' opposition memorandum.

3