UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NIKKI STEINER MAZZOCCHIO, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:22-cv-292-MTS |
| | ) |
| COTTER CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Cotter Corporation (N.S.L.)'s Motion for Certification for Interlocutory Appeal, Doc. [100]. Defendant St. Louis Airport Authority also has filed a Motion to Join Cotter Corporation (N.S.L.)'s Motion for Certification for Interlocutory Appeal, Doc. [108]. For the reasons discussed herein, the Court will grant both motions.

**Legal Standard**

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." *See* 28 U.S.C. § 1292(b).

Stated more concisely, the Court must opine that "(1) the order involves a controlling question of law; (2) there is substantial grounds for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Pendleton v. QuikTrip Corp.*, 4:06-cv-1455-HEA, 2007 WL 1174850, at *1 (E.D. Mo. Apr. 20, 2007). "Inherent in these requirements is the concept of ripeness." *Paschall v. Kan. City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979) (referencing *Control Data Corp. v. IBM Corp.*, 421 F.2d 323 (8th Cir. 1970)).

-1-

The U.S. Court of Appeals for the Eighth Circuit has clarified that "it is the policy of the courts to discourage piecemeal appeals"; however, § 1292(b) may be utilized in "exceptional cases where a decision on appeal may avoid protracted and expensive litigation." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). The trial court has discretion to grant or deny a motion for interlocutory appeal, and the court of appeals has discretion to certify the appeal. *Pendleton*, 2007 WL 1174850, at *1; *see also Tidewater Oil Co. v. United States*, 409 U.S. 151, 167 (1972) ("Those interlocutory orders not within [§ 1292(a)], were made appealable in § 1292(b) subject to the judgment and discretion of the district court and the court of appeals.").

## Discussion

**1. Ripeness**

Where the necessary requirements for interlocutory appeal certification are met, "the case must be of sufficient ripeness so that this can be determined from the record." *Paschall*, 605 F.2d at 406. "Consideration of the factual basis must be such that a sound premise exists upon which the legal issues can be determined with precision." *See Minnesota v. U.S. Steel Corp.*, 438 F.2d 1380, 1384 (8th Cir. 1971). A district court must ensure that factual issues are sufficiently resolved before granting certification. *See J.T.H. v. Dept. of Soc. Servs.*, 1:20-cv-222-ACL, 2021 WL 3847134, at *1 (E.D. Mo. Aug. 27, 2021) (citing *S.B.L. v. Evans*, 80 F.3d 307, 311 (8th Cir. 1996)).

As detailed below, the question of which standard of care is applicable in a Price-Anderson Act public liability action is a question of law. Because the question has been presented to the Court, and the Court has found the standard to be determined on a case-by-case basis, the legal issue is ripe. Furthermore, given that the other requirements of § 1292(b) are met, the question is sufficiently ripe for review. *See Paschall*, 605 F.2d at 407 ("[T]he easier it is to ascertain whether or not the prerequisites for section 1292(b) certification are satisfied, the easier it is to identify whether or not the issue is one suited for section 1292(b) review.").

### 2. Controlling Question of Law

A "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *See Williams v. LG Chem, Ltd.*, 4:21-cv-00966-SRC, 2022 WL 1502380, at *2 (E.D. Mo. May 12, 2022) (citing *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). To be a *controlling* question of law, it must be apparent that reversal would terminate the action. *See Emerson Elec. Co. v. Yeo*, 4:12-cv-1578-JAR, 2013 WL 440578, at *2 (E.D. Mo. Feb. 5, 2013) ("All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." (quoting *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876 (E.D. Mich. 2012))).

The question presently at issue is "whether federal law or state law provides the standard of care in a [Price-Anderson Act] public liability action." *See Mazzocchio v. Cotter Corp.*, 4:22-cv-292-MTS, 2023 WL 5831960, at *7 (E.D. Mo. Sept. 8, 2023). This Court determined that "the applicable standard of care depends on the facts of each case and the claims asserted against each defendant." *Id.* at *11. Here, the question has reference to the meaning of a statutory provision—the standard of care in a Price-Anderson Act public liability action. Additionally, the question of law is controlling because resolution of the standard of care, and the potential imposition of Defendants' proposed standard, would lead to the dismissal of the action, as discussed below.

### 3. Substantial Grounds for Difference of Opinion

A "sufficient number of conflicting and contradictory opinions" demonstrates a substantial ground for difference of opinion. *White*, 43 F.3d at 378. Here, Defendants claimed the Price-Anderson Act preempts state law standards of care, which conflicts with the Eighth Circuit's plain language approach. *Mazzocchio*, 2023 WL 5831960, at *7 ("Nothing in the text of the PAA or Section 2210 immunizes Defendants from liability for all claims except those based on breach of

-3-

federal dosage limits."). While Eighth Circuit precedent provides insight that this argument would "likely not be accepted," no concrete standard has been established within the Eighth Circuit, where cases are not directly dispositive of the precise issue before the Court. *Id.* at *1, *9; *McClurg v. MI Holdings, Inc.*, 933 F. Supp. 2d 1179, 1187 (E.D. Mo. 2013) ("The Eighth Circuit Court of Appeals has not yet considered this issue, but every Circuit Court that has, the Third, Sixth, Seventh, Ninth, Tenth, and Eleventh, have concluded that the maximum permissible radiation dose levels set by federal safety standards establish the duty of care for radiation injuries, and that imposing a non-federal duty would conflict with federal law."); *McClurg v. Mallinckrodt, Inc.*, 4:12-cv-0036-AGF, 2017 WL 2929444, at *5 (E.D. Mo. July 7, 2017) (explaining "[a]s to which federal standards apply," the Eighth Circuit to date, "has not considered the issue").

It is true that courts within this district have agreed with Defendants' argument that federal dosage regulations are the sole standard of care. *See Mazzocchio*, 2023 WL 5831960, at *9; *see also, e.g.*, *McClurg*, 933 F. Supp. 2d at 1187 ("District court opinions overwhelmingly hold that an essential element of a public liability action is that each plaintiff's exposure exceeded the federal dose limits."). Conversely, some courts within this district have expressed doubts that federal dosage limits provide the exclusive standard of care in all PAA actions. *Mazzocchio*, 2023 WL 5831960, at *11; *see also Dailey v. Bridgeton Landfill, LLC*, 299 F. Supp. 3d 1090, 1100-01 (E.D. Mo. 2017) (hesitating to apply Part 20 dosage regulations to a non-NRC licensed facility given that the claim was for property damage and NRC-regulations "on their face" apply to a "licensee" and set the limit of exposure for "individual members of the public"). Others look outside the Eighth Circuit for instruction in absence of a clear direction. *See McClurg*, 2017 WL 2929444, at *5 ("As to which federal standards apply to Cotter's conduct between 1969 and 1973, the Eighth Circuit has not considered the issue, and the Court is persuaded by the Third Circuit's reasoning.").

Since there is incongruence within the district, a substantial ground for difference of opinion exists. *See Roeslein & Assocs., Inc. v. Elgin*, 4:17-cv-1351-JMB, 2019 WL 6340956, at *6 (E.D. Mo. Nov. 27, 2019) ("The Court would give serious consideration to certifying an interlocutory appeal if there was a split among judges of the district courts or if it was arguable among reasonable jurists that this Court's determination was wrong.").

### 4. Materially Advance the Termination of the Litigation

The last requirement "necessitates a showing that the case at bar is an extraordinary case where 'the decision of an interlocutory appeal might avoid protracted and expensive litigation.'" *See E.E.O.C. v. Allstate Ins. Co.*, 4:04-cv-01359-ERW, 2007 WL 38675, at *5 (E.D. Mo. Jan. 4, 2007) (quoting *U.S. ex rel. Hollander v. Clay*, 420 F. Supp. 853, 859 (D.D.C. 1976)). Ultimately, "whether an immediate appeal may materially advance the ultimate termination of the litigation can properly turn on pragmatic considerations." *E.E.O.C.*, 2007 WL 38675, at *5 (quoting *SCM Corp. v. Xerox Corp.*, 474 F. Supp. 589, 594 (D. Conn. 1979) (Newman, J.)).

The standard of care is a driving force behind the resolution of the present action. Given the Order entered by the Court denied Defendants' Motion to Dismiss, an immediate appeal of the issue would allow for the potential termination of the matter, but termination aside, such an appeal would clarify the standard of care in conducting discovery and also would determine whether a party could adequately meet such standard of care. *See, e.g.*, *O'Conner v. Commw. Edison Co.*, 748 F. Supp. 672, 679 (C.D. Ill. 1990) ("This Court further finds that the question of whether or not the [federal permissible dose] regulation in this case should be adopted as the standard of care applicable to this case is an issue which should be certified under 28 U.S.C. § 1292(b).").

### 5. Stay

Given the question to be certified seeks to resolve the standard of care in the present action, a stay of proceedings in this Court is appropriate. 28 U.S.C. § 1292(b) ("[A]pplication for appeal

[under § 1292(b)] shall not stay proceedings in the district court unless the district judge or the Court of Appeals" shall order.).  Therefore, proceedings in this Court shall be stayed pending the Eighth Circuit's review of any application under § 1292(b) in this matter and pending the appeal if the Eighth Circuit so permits one.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Louis Airport Authority's Motion to Join Defendant Cotter Corporation (N.S.L.)'s Motion for Certification for Interlocutory Appeal, Doc. [108], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Cotter Corporation (N.S.L.)'s Motion for Certification for Interlocutory Appeal, Doc. [100], is **GRANTED**.  This Court's September 8, 2023 Order is amended to certify the following question for immediate appeal:

1. Whether federal dosage regulations should be exclusively utilized as the standard of care in a Price-Anderson Act public liability action.

Dated this 1st of November 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE