UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NIKKI STEINER MAZZOCCHIO, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> COTTER CORPORATION, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 4:22-cv-292-MTS |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Memorandum Regarding Eighth Circuit Mandate, Lifting of Stay, and Rule 16 Conference. Doc. [138]. Defendant Cotter Corporation filed a Response to the Memorandum, Doc. [139], which was subsequently joined by Defendants Commonwealth Edison Company, Doc. [140], and St. Louis Airport Authority, Doc. [141]. Plaintiffs then filed a Reply in support of their Memorandum. Doc. [142]. For the reasons that follow, the stay in this matter will remain in place until such time as the Supreme Court of the United States resolves Defendants' forthcoming petition for a writ of certiorari.

\*

On November 01, 2023, the Court certified the question "whether federal law or state law provides the standard of care in a [Price-Anderson Act] public liability action" for interlocutory appeal. Doc. [109] at 6. In doing so, the Court found that "a substantial ground for difference of opinion" existed as to that question's answer. *Id.* at 5. The Court also found that the answer would materially advance the termination of the litigation, not only because "immediate appeal of the [standard of care] issue would allow for the potential termination of the matter," but clarifying the applicable standard of care would "aid in conducting discovery and also would determine whether

1

a party could adequately meet such standard of care." *Id.* Accordingly, the Court stayed the proceedings in this matter pending the appeal that the U.S. Court of Appeals for the Eighth Circuit ultimately granted. Doc. [6].

On October 30, 2024, the Eighth Circuit affirmed the Court's ruling on Defendants' Motions to Dismiss. Doc. [132] at 11; *Mazzocchio v. Cotter Corp.*, 120 F.4th 565, 570 (8th Cir. 2024). On December 18, 2024, the Eighth Circuit denied Defendants' petition for rehearing en banc and their petition for rehearing by the panel. Doc. [135]. Accordingly, the mandate was issued in this case on December 30, 2024. One month later, Plaintiffs filed their Memorandum regarding the stay in this matter. Doc. [138]. In that brief, Plaintiffs advise the Court that "there is no controlling reason why this matter should continue to be stayed," *id.* ¶ 4, and argue that "the stay should be lifted" given the Judgment and Mandate issued by the Eighth Circuit, *id.* ¶ 8. For Plaintiffs, the fact that Defendants intend to submit a petition for a writ of certiorari to the Supreme Court is of no moment because "the balance of hardships rest in Plaintiffs' favor, and it is unlikely four Justices will vote to grant a writ of certiorari in this instance." *Id.* ¶ 6 (restating the standard that is applied to motions to stay the mandate pursuant Federal Rule of Appellate Procedure 41).

Defendants disagree. They assert that they "are currently preparing a Petition for Writ of Certiorari to be filed in the Supreme Court by March 18, 2025," and "[u]ntil the Supreme Court decides whether to grant review, the critical issue of the applicable standard of care in this case will not be resolved." Doc. [139] ¶ 3. According to Defendants, "the balance of hardships, including conserving judicial resources, and likelihood of review favor a continuing stay in this matter pending Supreme Court review." *Id.* ¶ 4. They argue that the Court will preserve judicial resources if the stay is maintained because "[m]oving forward with motions and discovery before the standard of care issue is ultimately resolved may require the Court to expend significant time

2

and resources in proceedings that may be unwound." *Id.* ¶ 5.  Regarding the parties, Defendants contend that, without a continued stay and without a final resolution of the applicable standard of care in this case, they will be unable to engage in "focused, efficient discovery," *id.* ¶ 7 (citing *Gabriella v. Wells Fargo Fin., Inc.*, 3:06-cv-04347-SI, 2009 WL 188856, at *1 (N.D. Cal. Jan. 26, 2009)), and they will likely be burdened by "extensive discovery that may prove unnecessary," *id.* ¶ 7–8 (citing *Thompson v. Fluent, Inc.*, No. 1:20-cv-02680-VSB-BCM, 2020 WL 8642144, at *2 (S.D.N.Y. Nov. 29, 2020).  Defendants note that this hardship applies to Plaintiffs as well, at least to the extent that both parties will expend time, fees, and other resources that may go to waste if the Supreme Court takes the appeal.  *Id.* ¶ 9.  Finally, Defendants assert that the likelihood of review weighs in favor of a continued stay because the Eighth Circuit opinion—as the panel itself acknowledged—expressly disagreed with the decisions of other circuit courts holding that "federal law preempts state standards of care in PAA actions." *Id.* ¶ 13 (citing *Mazzocchio v. Cotter Corp.*, 120 F.4th 565, 569 (8th Cir. 2024)).

The Court has discretion to stay proceedings "as part of its authority 'to control the disposition of the causes on its docket with economy of time and effort [in mind], for itself, for counsel, and for litigants.'"  *Seefeld v. Ent. Consulting Int'l*, 441 F. Supp. 3d 775, 779 (E.D. Mo. Feb. 25, 2020) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (alterations in the original).  The Court must "weigh competing interests and maintain an even balance."  *Id.*  Applying this rubric, the Court finds that Defendants arguments are well taken and finds *Williams v. Mohawk Industries, Inc.* persuasive on this score.  2:04-cv-0003-HLM, 2005 WL 8160563 (N.D. Ga. Aug. 18, 2005).

There, in light of defendants' forthcoming petition for a writ of certiorari, the court declined to lift a stay it had entered pending interlocutory appeal.  *Id.* at *3.  The court found that a

3

substantial ground for difference of opinion still existed as to the question it had certified for appeal, even after the Eleventh Circuit affirmed the court's order granting and denying the defendants' Motion to Dismiss and denied defendants' motion for rehearing en banc. *Id.* at *1–2. The court also balanced the parties' respective hardships as well as the interest in preserving judicial resources and found that the balance weighed in favor of a continued stay because, on the one hand, staying the proceedings "for the brief period of time associated with the certiorari process [would] not prejudice [p]laintiffs," but on the other, a continued stay *would* "conserve the parties' resources and the resources of the [c]ourt," especially where the grant of certiorari could result in the dismissal of plaintiff's federal claim. *Id.* at *2.

Here, when the Court first stayed these proceedings pending interlocutory appeal, it found that there was a substantial ground for a difference of opinion regarding the applicable standard of care in this case and that resolving the issue would materially advance the termination of this matter. Doc. [109] at 5–6. These findings remain as true today as they were before the Eighth Circuit rendered its opinion, especially because there is now a circuit split on the question of whether "federal law preempts state standards of care in a public liability action." *Mazzocchio v. Cotter Corp.*, 120 F.4th 565, 569 (8th Cir. 2024); *see In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1003 (9th Cir. 2008) (collecting cases); *see also* U.S. Sup. Ct. R. 10(a).

Additionally, Defendants have a significant interest in conserving their resources when litigating a claim that, as of yet, might ultimately be dismissed if certiorari were granted, *see* Doc. [109] at 5; *see also Williams*, 2005 WL 8160563, at *2, and they have a recognized interest in conducting targeted, efficient discovery following a definitive answer on the standard of care that applies in this case, *see Gabriella*, 2009 WL 188856, at *1. Although Plaintiffs certainly have a strong interest in avoiding additional delay as to the resolution of their claims, the delay at this

4

stage is only "for the brief period of time associated with the certiorari process." *See Williams*, 2005 WL 8160563, at *2. Under these circumstances, the Court finds that certiorari is sufficiently likely to be granted, and the balance of hardships tips in Defendants' favor. These proceedings will therefore remain stayed pending disposition of the Defendants' petition for a writ of certiorari if such writ is timely sought. Should the petition for a writ of certiorari be denied, this stay shall terminate. In the event the petition for a writ of certiorari is granted, the stay shall terminate upon the sending down of the judgment of the Supreme Court.

Accordingly,

**IT IS HEREBY ORDERED** that this matter will remain **STAYED** pending disposition of the Defendants' petition for a writ of certiorari if such writ is timely sought. Should the petition for a writ of certiorari be denied, this stay shall terminate. In the event the petition for a writ of certiorari is granted, the stay shall terminate upon the sending down of the judgment of the Supreme Court.

**IT IS FURTHER ORDERED** that Third Party Defendants Mallinckrodt LLC and Everzinc USA, Inc.'s consent Joint Motion for Extension of Time, Doc. [121], is **GRANTED**.

**IT IS FINALLY ORDERED** that Third Party Defendants Mallinckrodt LLC and EverZinc USA Inc. shall respond to Defendant Cotter Corporation (N.S.L.)'s Third Party Complaint no later than sixty days following the termination of the stay in this matter.

Dated this 5th day of March 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE